**IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS**
**STATE OF MISSOURI**

| | |
|---|---|
| LIONEL ANDERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: |
| vs. ) | |
| ) | |
| QUIKTRIP CORPORATION, ) | |
| **SERVE REGISTERED AGENT:** ) | |
| **CT Corporation System** ) | |
| **120 S. Central Avenue** ) | |
| **Clayton, MO 63105** ) | |
| ) | |
| Defendant. ) | |

## PETITION – PERSONAL INJURY

COMES NOW Plaintiff LIONEL ANDERSON, by and through his counsel, and for his cause of action against Defendant, QUIKTRIP CORPORATION (hereinafter referred to as "QUIKTRIP"), does hereby state and allege as follows:

1. On or about June 16, 2023, Defendant QUIKTRIP was a corporation organized and existing under the laws of the State of Oklahoma but had permission to conduct business in the State of Missouri.

2. On or about said date, Defendant QUIKTRIP owned and operated a retail convenient store and gas station at 9404 Page Avenue in the County of St. Louis, Missouri.

3. At all times complained of herein, Defendant QUIKTRIP and its agents, employees and representatives had exclusive control over the premises.

4. On or about June 16, 2023, Plaintiff LIONEL ANDERSON was a business invitee of Defendant QUIKTRIP at its store located at 9404 Page Avenue in the County of St. Louis, Missouri.

5. On or about said date, Plaintiff LIONEL ANDERSON was caused to fall due to a dangerous and defective condition existing in the interior of the convenient store, namely a wet floor.

6. Defendant QUIKTRIP knew or should have known that the wet floor inside its convenient store posed a fall risk to business invitees and breached its duty to exercise ordinary care in the maintenance of its premises.

7. Defendant QUIKTRIP breached its duty of care to Plaintiff in following respects, to wit:

    a. Defendant QUIKTRIP allowed the floor to be wet;

    b. Defendant QUIKTRIP failed to barricade the area;

    c. Defendant QUIKTRIP failed to warn business invitees within the convenient store the dangerous and defective condition; and

    d. Defendant QUIKTRIP failed to detect and remedy the situation in a timely manner.

8. As a direct and proximate result of the carelessness and negligence of Defendant QUIKTRIP as aforesaid, Plaintiff was caused to suffer injuries to his cervical spine, chest, lumbar spine, legs, arms, torso and all the bones, ligaments, blood vessels, muscles and other soft tissues were severely sublexed, sprained and made stiff, sore and swollen; further, Plaintiff has suffered injuries to his lumbar discs and may require surgery; further, all of Plaintiff's injuries are permanent and progressive; further, Plaintiff suffers pain in the aforementioned areas and will continue and will continue to suffer for an indefinite future.

9. As a direct and proximate result of the carelessness and negligence of Defendant QUIKTRIP as aforesaid, Plaintiff has incurred medical expenses in the approximate sum of Ten Thousand ($10,000.00) Dollars and may have future medical expenses in an amount yet to be determined.

WHEREFORE, Plaintiff LIONEL ANDERSON, prays for a judgment against Defendant QUIKTRIP CORPORATION in a fair and reasonable amount in excess of Twenty-Five Thousand Dollars ($25,000.00) and for his costs in bringing this cause of action; and for such other and further relief as this Court may deem to be proper and just.

**MEEHAN LAW FIRM**

By: */s/ William K. Meehan*
William K. Meehan, #33686
Attorney for Plaintiff
7165 Delmar, Suite 112
University City, MO 63130
(314) 725-9994 (Phone)
(314) 721-9110 (Facsimile)
wkmeehan@wkmeehanpc.com